1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

THE HONORABLE _____

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE:  SUBPOENA ISSUED TO NON-
PARTY MR. GABY R. KHOURI

_____

RELATED ACTION:

INTELLECTUAL VENTURES I LLC and
INTELLECTUAL VENTURES II LLC,

                    Plaintiffs,

          v.

ALTERA CORPORATION, XILINX,
INC., et al.

                    Defendants.

Misc. No.

Subpoena Issued by this Court Relating to
Civil Action No. 1:10-CV-01065-LPS
(Pending in the United States District Court
for the District of Delaware (Wilmington))

MOTION AND MEMORANDUM IN
SUPPORT OF MOTION TO QUASH
XILINX INC.'S THIRD PARTY
DEPOSITION SUBPOENA TO GABY R.
KHOURI IN RELATED CASE

NOTE FOR MOTION CALENDAR:
Friday, June 28, 2013

MOTION TO QUASH (No._____ ) – 1

110137-0001/LEGAL26933505.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## **<u>TABLE OF CONTENTS</u>**

I.      RELIEF REQUESTED ................................................................................................ 1

II.     FACTUAL BACKGROUND ..................................................................................... 1

        A.     The Related Action ......................................................................................... 1

        B.     Xilinx's Subpoena .......................................................................................... 2

        C.     Mr. Khouri's Repeated Efforts To Meet And Confer With Xilinx
               Concerning The Necessity And Scope Of Any Deposition .................................. 3

III.    ARGUMENT ............................................................................................................. 5

        A.     Legal Standards ............................................................................................... 5

        B.     The Court Should Quash Xilinx's Deposition Subpoena To Mr. Khouri
               Because The Subpoena Did Not Allow A Reasonable Time To Comply ............. 6

        C.     The Court Should Quash Xilinx's Subpoena Because It Is Unduly
               Burdensome And Unreasonably Duplicative Of Discovery That Xilinx
               Had Ample Opportunity To Obtain During Fact Discovery Between The
               Parties ................................................................................................................ 8

IV.     CONCLUSION ........................................................................................................ 10

MOTION TO QUASH (No._____ ) – i

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

110137-0001/LEGAL26933505.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

## I.      RELIEF REQUESTED

Pursuant to Fed. R. Civ. P. 45(c)(3), non-party Gaby R. Khouri ("Mr. Khouri")

respectfully moves to quash the subpoena for deposition served April 21, 2013, on Mr. Khouri

by Xilinx, Inc. ("Xilinx").  The subpoena should be quashed both because it provided Mr.

Khouri an unreasonable time within which to comply, and because it imposes an undue burden.

*See* Fed. R. Civ. P. 45(c)(3)(A)(i), (iv).

The deposition subpoena to Mr. Khouri was served Sunday evening, April 21, 2013,

seeking his deposition the following Monday, April 29.  As a result, it provided Mr. Khouri just

five (5) business days to prepare for and appear at the deposition.  Thus, the subpoena did not

allow a reasonable time to comply, and for this reason alone, this Court should quash the

subpoena pursuant to Fed. R. Civ. P. 45(c)(3)(A)(i).  Moreover, Xilinx has consistently refused

to reasonably narrow—or even meaningfully identify—the scope of the discovery it intends to

seek from Mr. Khouri, in plain contravention of its obligation under the Federal Rules to take

reasonable steps to avoid imposing undue burden on a person subject to a third-party subpoena.

*See* Fed. R. Civ. P. 45(c)(3)(A)(iv).  To the extent Xilinx has managed to vaguely identify

general areas of testimony for the deposition, the testimony sought is cumulative of deposition

testimony already provided by party witnesses.

Xilinx's deposition subpoena should therefore be quashed.

## II.      FACTUAL BACKGROUND

### A.      The Related Action

The subpoena arises out of a patent infringement action (the "related action") initiated by

plaintiffs Intellectual Ventures I LLC and Intellectual Ventures II LLC (collectively "Intellectual

MOTION TO QUASH (No._____ ) – 1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

110137-0001/LEGAL26933505.1

Ventures") against several defendants, including Xilinx. *See* Declaration of Ameet A. Modi ("Modi Decl."), Ex. 1 (Notice of Service and Subpoena). Mr. Khouri was employed by corporate entities related to Intellectual Ventures from 2005 until May 2011. The subpoena seeks deposition testimony from Mr. Khouri, although (as explained further below) for more than a month Xilinx has persistently refused to identify the scope or nature of the discovery it seeks from Mr. Khouri with any reasonable particularity.

The related action was filed in December 2010. In April 2012, Altera Corporation—Xilinx's co-defendant—identified Mr. Khouri as an individual believed to have relevant, discoverable information in its Rule 26(a) initial disclosures. Modi Decl., Ex. 2 (Altera's Initial Disclosures). Fact discovery remained open for approximately a full year, including more than six months for deposition discovery. *See id.*, Ex. 3 (Scheduling Order); *id.*, Ex. 4 (stipulation to extend fact discovery period). Fact discovery closed on April 30, 2013, more than a month ago. *See id.*, Ex. 4. The parties to the related case are scheduled to exchange opening expert reports on June 26, 2013. *Id.*, Ex. 3.

**B.    Xilinx's Subpoena**

Even though co-defendant Altera Corporation had identified Mr. Khouri in its initial disclosures in April 2012, Xilinx did not serve notice of its intent to issue a third-party deposition subpoena to Mr. Khouri until twelve months later, on April 19, 2013. *Id.*, Ex. 1. Mr. Khouri was not served with the subpoena until the evening of Sunday, April 21, 2013. The subpoena requested Mr. Khouri's appearance for deposition at 9:00 a.m. on the following Monday, April 29, 2013—one day before the close of fact discovery. *Id.* Thus, Xilinx provided Mr. Khouri only five (5) business days to respond to the subpoena and prepare for the deposition.

MOTION TO QUASH (No._____ ) – 2

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

**C.   Mr. Khouri's Repeated Efforts To Meet And Confer With Xilinx Concerning The Necessity And Scope Of Any Deposition**

Mr. Khouri retained counsel in connection with the subpoena issued by Xilinx.  On April 24, 2013, counsel for Mr. Khouri objected to the subpoena as providing insufficient notice under the Federal Rules of Civil Procedure.  Modi Decl., Ex. 5 (email string) at 6-7 (Apr. 24, 2013 Modi email to Charrington); *see also id*. at 5-6 (Apr. 25, 2013 Modi email to Liu).  As counsel noted, by waiting until late April 2013 to issue and serve the subpoena, Xilinx knowingly placed itself in a situation where it would not be able to conduct any deposition of Mr. Khouri before the discovery cut-off.  *Id*. at 6-7 (Apr. 24, 2013 Modi email to Charrington).  On April 25, 2013, counsel informed Xilinx that Mr. Khouri would not be available to sit for a deposition on the noticed date of April 29, 2013.  *Id*. at 5-6 (Apr. 25, 2013 Modi email to Liu).

Counsel for Mr. Khouri also sought to confer with Xilinx regarding the necessity and scope of Mr. Khouri's deposition.  Mr. Khouri left his position at Intellectual Ventures in May 2011, more than two years ago.  *See id*. at 3-4 (May 9, 2013 Modi email to Charrington).  On May 9, 2013, counsel for Mr. Khouri noted that Xilinx had already taken the depositions of nearly a dozen of Intellectual Ventures' current and former employees, including several employees that were designated by Intellectual Ventures to testify as corporate representatives. *Id*. at 4.  Counsel for Mr. Khouri asked counsel for Xilinx to identify the additional information it believes Mr. Khouri possesses that Xilinx was unable to obtain through party discovery.  *Id*. Counsel for Mr. Khouri also requested that Xilinx avoid imposing undue burden on Mr. Khouri by, at a minimum, agreeing to limit any deposition to three hours.  *Id*.

On May 10, 2013, counsel for Mr. Khouri and counsel for Xilinx met and conferred via telephone to discuss the necessity and scope of Mr. Khouri's deposition.  Specifically, counsel

MOTION TO QUASH (No._____ ) – 3

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

110137-0001/LEGAL26933505.1

for Mr. Khouri again asked Xilinx to identify, with some meaningful particularity, the nature of the discovery it sought from Mr. Khouri, so that the parties could assess whether the discovery sought by Xilinx could be provided by less burdensome means. *See id*. at 1-2 (May 20, 2013 Modi email to Charrington).

On May 17, 2013, counsel for Xilinx responded to the requests for additional information by stating only that Xilinx "intend[s] to question [Mr. Khouri] on at least his personal knowledge of [Intellectual Ventures'] pricing goals and strategies, and the circumstances surrounding [Intellectual Ventures'] technical analysis and evaluation of the patents-in-suit." *Id*. at 3 (May 17, 2013 Charrington email to Wilcox and Modi).  As explained further below, Xilinx has already obtained extensive discovery on those same topics through, for example, the deposition testimony of numerous party and non-party witnesses.

On May 20, 2013, counsel for Mr. Khouri explained that Xilinx's mere recitation of Mr. Khouri's job title, followed by a vague assertion that Xilinx wishes to explore "at least [Mr. Khouri's] personal knowledge" concerning wide-ranging aspects of Intellectual Ventures' business, did not demonstrate a good faith attempt by Xilinx to reduce the burden on Mr. Khouri of attending a seven-hour deposition or assist the parties in assessing whether the discovery Xilinx seeks could be provided in some less burdensome fashion. *Id*. at 2-3 (May 20, 2013 Modi email to Charrington).  Nevertheless, as a potential compromise, counsel for Mr. Khouri inquired whether Xilinx would be willing to agree to withdraw its subpoena to Mr. Khouri if Intellectual Ventures would agree not to affirmatively rely on any testimony from Mr. Khouri in connection with the related case. *Id*.  Indeed, Mr. Khouri is not identified in Intellectual Ventures' Rule 26(a)(1) Initial Disclosures in the underlying litigation.

MOTION TO QUASH (No._____ ) – 4

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

On May 21, 2013, counsel for Xilinx rejected the proposed compromise and demanded that Mr. Khouri make himself available for a 7-hour deposition. *Id*. at 1 (May 21, 2013 Charrington email to Modi). On May 29, 2013, after numerous unsuccessful attempts to confer with Xilinx's counsel regarding the necessity, scope, and duration of Mr. Khouri's deposition, counsel for Mr. Khouri informed Xilinx that Mr. Khouri would file a motion to quash Xilinx's subpoena. *Id*. (May 29, 2013 Modi email to Charrington).

### III.     ARGUMENT

#### A.     Legal Standards

Discovery has "ultimate and necessary boundaries." *Paananen v. Cellco Partnership*, No. C-08-1042-RSM, 2009 WL 2057048, at *2 (W.D. Wash. July 15, 2009) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). A Court may limit discovery if (1) the discovery sought is unreasonably cumulative or duplicative, is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C); *Burdette v. Steadfast Commons II, LLC*, No. 2:11-980-RSM, 2012 WL 3762515, at *2 (W.D. Wash. Aug. 29, 2012).

Federal Rule of Civil Procedure ("Rule") 45, which governs discovery directed to a third-party, states in relevant part: "On timely motion, the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). Indeed, pursuant to Rule 45, a party or attorney responsible for issuing a subpoena has an express obligation to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(c)(1). "The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's

MOTION TO QUASH (No._____ ) – 5

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

fees—on a party or attorney who fails to comply." *Id.* As the Ninth Circuit has explained, "[t]he subpoena power is a substantial delegation of authority to private parties, and those who invoke it have a grave responsibility to ensure it is not abused." *Theofel v. Farey-Jones*, 359 F.3d 1066, 1074 (9th Cir. 2004). "Informing the person served of his right to object is a good start . . . but it is no substitute for the exercise of independent judgment about the subpoena's reasonableness." *Id.*

**B.    The Court Should Quash Xilinx's Deposition Subpoena To Mr. Khouri Because The Subpoena Did Not Allow A Reasonable Time To Comply.**

A court "must quash . . . a subpoena that . . . fails to allow a reasonable time to comply." *See* Fed. R. Civ. P. 45(c)(3)(A)(i). Although Rule 45 itself does not specify a particular number of days considered a "reasonable time," subpoenas for testimony issued on less than ten days' notice are routinely quashed for failing to provide sufficient time. *See, e.g.*, *Brown v. Hendler*, No. 09 Civ. 4486 RLE, 2011 WL 321139, at *2 (S.D.N.Y. Jan. 31, 2011) (quashing deposition subpoena because nine days to comply was not reasonable under the circumstances and noting that "[f]ederal courts have also found compliance times of eight and seven days not to be reasonable") (citing cases); *TRI Investments, Inc. v. Aiken Cost Consultants, Inc.*, No. 11-cv-004, 2011 WL 5330295, at *2 (W.D.N.C. Nov. 7, 2011) ("Six total days and four business days is not a reasonable time to comply with a subpoena and notice of deposition."); *In re Stratosphere Corp. Secs. Litig.*, 183 F.R.D. 684, 687 (D. Nev. 1999) (six days' notice not reasonable) (citing Schwarzer et al., Cal. Practice Guide: Civil Procedure Before Trial (The Rutter Group 1998) ¶ 11:360 ("What is 'reasonable' depends on the circumstances of the case, but at least 10 days' notice is customarily expected.")); *Anderson v. Dobson*, No. 1:06-CV-2, 2006 WL 3390631, at *3 (W.D.N.C. Nov. 22, 2006) (deposition subpoenas issued on November 17 for depositions on

MOTION TO QUASH (No._____ ) – 6

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

November 27-29 "simply do not provide reasonable time for the witnesses to prepare"); *see also*

*In re Rule 45 Subpoena Issued to Cablevision*, No. 08-MISC-341, 2010 WL 221943, at *5

(E.D.N.Y. Feb. 5, 2010) (noting that many courts require fourteen days' notice to be treated as

reasonable) (collecting cases).

    Courts are particularly critical of deposition subpoenas served on the eve of discovery

deadlines, or that are otherwise the product of dilatory tactics by the requesting party. *See, e.g.*,

*Ike-Ezunagu v. Deco, Inc.*, No.  09-cv-526-RWT, 2010 WL 4822511, at *2 (D. Md. Nov. 22,

2010) ("The parties in this case have been engaged in discovery for almost thirteen months, yet

Plaintiff waited until the proverbial eleventh hour and fifty-ninth minute to request subpoenas

commanding the appearance of five individuals for depositions to occur on extremely short

notice."); *id.* (quashing subpoena requesting deposition for the day before discovery close and

providing only eight days' notice to witness); *Cole v. City of New York*, No. 10 Civ. 5308-BSJ-

KNF, 2012 WL 1138570, at *4-5 (S.D.N.Y. Apr. 5, 2012) (noting the requesting party's

"unjustified delay" in quashing subpoena served with only five business days' notice and

scheduled for the day before discovery close).

    Here, Xilinx's subpoena both (a) failed to provide a reasonable time to comply and (b)

noticed the deposition on the eve of the close of fact discovery.  The parties in the related case

had more than a year to conduct fact discovery, including approximately six months to conduct

depositions. *See* Modi Decl., Exs. 3, 4.  Fact discovery closed on April 30, 2013. *Id.*, Ex. 4.  Yet

despite the fact that Xilinx's co-defendant, Altera, identified Mr. Khouri in its initial disclosures

more than a year earlier,[1] Xilinx chose to wait until April 19, 2013—less than two weeks before

---

    [1] Notably, Altera never issued a subpoena for a deposition of Mr. Khouri, and Mr. Khouri
is not identified on Intellectual Ventures' initial disclosures.

MOTION TO QUASH (No._____ ) – 7

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

the close of fact discovery—to issue a subpoena to Mr. Khouri.  *Id.*, Ex. 1.  Mr. Khouri was not

served with a copy of the subpoena until Sunday, April 21, 2013.  In order to squeeze Mr.

Khouri's deposition into the fact discovery period, Xilinx noticed the deposition for the second-

to-last day of fact discovery, eight days after service of the subpoena—an unreasonable amount

of time for compliance.  Rule 45(c)(3)(A)(i) does not allow Xilinx to wait "until the proverbial

eleventh hour and fifty ninth minute," to serve its subpoena and then only allow a mere five

business days for compliance.  *See Ike-Ezunagu*, 2010 WL 4822511, at *2; *see also Cole*, 2012

WL 1138570, at *4-5 (five business days not reasonable time to comply).  The Court should

therefore quash Xilinx's subpoena for failing to allow a reasonable time to comply.

**C.    The Court Should Quash Xilinx's Subpoena Because It Is Unduly Burdensome And Unreasonably Duplicative Of Discovery That Xilinx Had Ample Opportunity To Obtain During Fact Discovery Between The Parties.**

The Court should quash Xilinx's subpoena for two additional reasons.  First, the

subpoena is incoherently broad, and therefore unduly burdensome on Mr. Khouri.  Second, the

subpoena is unnecessarily duplicative of discovery that Xilinx has or should have already

obtained.

Despite repeated requests to narrow the scope of the subpoena, Xilinx has steadfastly

refused to identify with any reasonable particularity the discovery it seeks from Mr. Khouri.

Indeed, Xilinx has been willing to state only that it "intend[s] to question [Mr. Khouri] on at least

his personal knowledge of [Intellectual Ventures'] pricing goals and strategies, and the

circumstances surrounding [Intellectual Ventures'] technical analysis and evaluation of the

patents-in-suit."  Modi Decl., Ex. 5 at 3 (May 17, 2013 Charrington email to Wilcox and Modi).

But Mr. Khouri left Intellectual Ventures more than two years ago.  Requiring Mr. Khouri to

recall wide-ranging aspects of his responsibilities from that time frame—without any meaningful

MOTION TO QUASH (No._____ ) – 8

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

110137-0001/LEGAL26933505.1

identification prior to deposition of the topics and issues Xilinx seeks to cover—is unduly burdensome.  *See Simplex Mfg. Co. v. Chien*, No. C12-835-RAJ, 2012 WL 3779629, *3 (W.D. Wash. Aug. 31, 2012) (quashing an "overbroad" non-party subpoena because the party issuing the subpoena "made no good faith attempt to narrow the scope" of the subpoena); *see also* Fed. R. Civ. P. 45(c)(2)(B)(ii).

Moreover, even based on Xilinx's minimal identification of the discovery it seeks, Xilinx had ample opportunity to obtain the information it seeks from Mr. Khouri—and, in fact, *has* obtained much of that information—through party discovery during the fact discovery period. For example, Xilinx contends that it intends to question Mr. Khouri on "[Intellectual Ventures'] pricing goals and strategies." *See* Modi Decl., Ex. 5 at 4.  But Xilinx already deposed numerous witnesses concerning that very issue, and those witnesses provided extensive testimony.  *See, e.g.*, *id*., Ex. 6 (illustrating extensive testimony concerning "price" and "pricing" during deposition of Intellectual Ventures employee Kenneth Dyer); *id.*, Ex. 7 (same for former Intellectual Ventures employee Donald Merino); *id.*, Ex. 8 (same for Intellectual Ventures executive Peter Detkin); *id.*, Ex. 9 (same for Intellectual Ventures executive Nathan Myhrvold). Likewise, Xilinx has already questioned numerous party witnesses at length concerning Intellectual Ventures' analysis and evaluation of the patents-in-suit.  *See, e.g.*, *id.*, Ex. 6 (testimony of Intellectual Ventures employee Kenneth Dyer concerning evaluation of patents related to semiconductor technologies).  Re-treading the same ground for another seven hours would be unnecessarily duplicative and unduly burdensome, especially for a non-party.

Moreover, Xilinx has not articulated why it needs additional discovery on these same topics from non-party Mr. Khouri, or why it could not have obtained this discovery from

MOTION TO QUASH (No._____ ) – 9

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

Intellectual Ventures during the fact discovery period. *See U.S. E.E.O.C. v. Pinal Cnty.*, 714 F. Supp. 2d 1073, 1078 (S.D. Cal. 2010) ("Respondents have made no showing that Mr. Green possesses relevant, non-privileged information that is not cumulative or duplicative to the information . . . which has already been produced to Respondents . . . ."). Accordingly, the Court should quash Xilinx's deposition subpoena in its entirety. *See Arista Records LLC v. Lime Grp. LLC*, No. 2:10-CV-02074-MJP, 2011 WL 679490, *1 (W.D. Wash. Feb. 9, 2011) ("A party should not be permitted to seek information from a non-party that they can obtain or have obtained from the opposing party . . . ."); Fed. R. Civ. P. 45(c)(3)(A)(iv); Fed. R. Civ. P. 26(b)(2)(C).

## IV.    CONCLUSION

Even at this late stage, more than a month after the close of fact discovery, Xilinx has refused to articulate the discovery it seeks from Mr. Khouri beyond that which it had ample opportunity to obtain from Intellectual Ventures during the fact discovery period in the related action. Xilinx has simply failed to take reasonable steps to avoid imposing an undue burden on Mr. Khouri. Pursuant to Rule 45, the Court should quash Xilinx's deposition subpoena to Mr. Khouri in its entirety.

MOTION TO QUASH (No._____ ) – 10

110137-0001/LEGAL26933505.1

DATED:  June 7, 2013

s/ *Charles C. Sipos*
s/ David A. Perez
Charles C. Sipos #32825
David A. Perez #43959
**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email:  CSipos@perkinscoie.com
          DPerez@perkinscoie.com

s/ *Ameet Modi* (*pro hac vice to be filed*)
**Desmarais LLP**
230 Park Avenue
New York, NY 10169
Telephone:  212.351.3405
Facsimile:  212.351.3401
Email:  AModi@desmaraisllp.com

Attorneys for Non-Party Gaby R. Khouri

MOTION TO QUASH (No._____ ) – 11

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

110137-0001/LEGAL26933505.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document is being served on the following via electronic mail on June 7, 2013:

Joe C. Liu
jcliu@jonesday.com
Laurie M. Charrington
lmcharrington@jonesday.com
Jones Day
1755 Embarcadero Rd.
Palo Alto, CA 94303
         -and-
Karen Jacobs Louden
kjlefiling@mnat.com
Morris, Nichols, Arsht & Tunnell
1201 N. Market ST
P.O. Box 1347
Wilmington, DE  19899
         Attorneys for Defendant Xilinx, Inc.

Colette R. Verkuil
cverkuil@mofo.com
Morrison & Foerster LLP
755 Page Mill Road
Palo Alto, California  94304-1018
         -and-
Jack B. Blumenfeld
jbbefiling@mnat.com
Morris, Nichols, Arsht & Tunnell
1201 N. Market ST
P.O. Box 1347
Wilmington, DE  19899
         Attorneys for Defendant Altera Corporation

Ameet A. Modi
amodi@desmaraisllp.com
Desmarais LLP
230 Park Avenue
New York, NY 10169
         Attorneys for Intellectual Ventures I LLC and
         Intellectual Ventures II LLC

I certify under penalty of perjury that the foregoing is true and correct.

MOTION TO QUASH (No._____ ) – 12

110137-0001/LEGAL26933505.1

DATED:  June 7, 2013.

s/ David A. Perez
David A. Perez #43959
**Perkins Coie** LLP
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Telephone:  206.359.8000
Facsimile:  206.359.9000
Email: DPerez@perkinscoie.com

MOTION TO QUASH (No._____ ) – 13